**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al., | No. CV-20-01752-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Wheaton Van Lines Incorporated, et al., | |
| Defendants. | |

    Before the Court is the motion to dismiss filed by Gurstel Law Firm, P.C. ("Gurstel"), Loren Unger, Jesse Vassallo Lopez, and Amy Blowers (Doc. 11), to which Wheaton Van Lines, Inc. ("Wheaton") and Tamara Cook have joined[1] (Doc. 15). Defendants' motion is granted for two independent reasons.

    First, Plaintiffs have failed to respond to Defendants' motion. Pursuant to LRCiv 7.2(i), Plaintiffs' failure to respond may be deemed consent to the granting of the motion, allowing the Court to dispose of it summarily.

    Second, LRCiv 7.2(i) notwithstanding, dismissal is appropriate because Plaintiffs' claims are barred by collateral estoppel and *res judicata*. This lawsuit is the most recent in a series of redundant lawsuits that Plaintiffs have filed in both state and federal court.[2]

---

[1] Wheaton's and Ms. Cook's request for oral argument is denied because oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] *See, e.g., Jacobs v. Wheaton Van Lines, Inc.*, No. CV-17-03967-PHX-JAT, 2018 WL 2939821 (D. Ariz. June 12, 2018) (consolidated with Case No. 2:18-cv-00181-JAT)

1  Particularly, following a collection lawsuit against Plaintiff Linda Jacobs brought by
2  Gurstel on behalf of Wheaton in which Wheaton prevailed, Plaintiffs have filed four federal
3  and six state lawsuits against Defendants all arising out of that collection dispute. Despite
4  being named vexatious litigants in state court and being sanctioned (Doc. 12-8), Plaintiffs
5  persist in filing these frivolous lawsuits. Because all three counts in Plaintiffs' complaint
6  either arise out of the same facts underlying the prior lawsuits (and are therefore barred by
7  *res judicata*) or attempt to relitigate an issue already decided in the prior suits (and are
8  therefore barred by collateral estoppel), dismissal is appropriate.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 11) is **GRANTED.** The Clerk of Court is directed to terminate any pending motions and close the case.

Dated this 4th day of December, 2020.

_____
Douglas L. Rayes
United States District Judge

---

*aff'd mem.*, *Jacobs v. Wheaton Van Lines, Inc.*, 788 F. App'x. 425 (9th Cir. 2019).