**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al., | No. CV-20-01752-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Wheaton Van Lines Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for reconsideration of the Court's December 2, 2020 order denying Plaintiffs' motion for default judgment against Wheaton Van Lines, Inc. and Tamara Cook. (Doc. 40.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's

Order." *Id.*  Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.*  The Court may deny a motion for reconsideration if it fails to comply with these rules.  *Id.*

On December 2, 2020, the Court denied Plaintiffs' motion for default judgment. (Doc. 30.)  The Court explained that the default motion was premature because Plaintiffs had not first filed an application of entry of default judgment and the Clerk of Court had not entered default as required under Fed. R. Civ. P. 55(a).  Plaintiffs ignore this rationale. Rather, they argue that the Court should have granted their default judgment motion because Defendants did not properly serve Plaintiffs with their responsive pleadings.  Even assuming Plaintiffs never received Defendants' responsive pleadings, despite Defendants' certificates of service that indicate the contrary, Plaintiffs' argument fails to show that the Court's finding was manifestly erroneous.  The default motion was properly denied because Plaintiffs did not first file an application of entry of default and the Clerk of Court did not enter default.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 40) is **DENIED.**

Dated this 30th day of December, 2020.

Douglas L. Rayes
United States District Judge