**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al., | No. CV-20-01752-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Wheaton Van Lines Incorporated, et al., | |
| Defendants. | |

Before the Court are, *inter alia*, the parties' cross motions for sanctions, which are fully briefed. (Docs. 37, 38, 44, 45, 48-50, 52.) For the following reasons, the Court will deny Plaintiffs' motion and grant Defendants' motion in part.

Turning first to Plaintiffs' sanctions motion, Plaintiffs argue that the Court should assess monetary sanctions against Defendants for allegedly failing to properly serve Plaintiffs with their motion to dismiss documents. (Doc. 44.) To the contrary, Defendants have produced evidence that they timely mailed all filings to Plaintiffs' home address and, in addition, emailed courtesy copies of all filings to Plaintiffs' email addresses.[1] (Doc. 48 at 6-7; Doc. 49.) Noting the motion's frivolousness, failure to abide by Rule 11, and intention to unreasonably multiply proceedings, Defendants request that the Court award

---

[1] Consequently, the Court will also deny Plaintiffs' motion for entry of default against Wheaton Van Lines, Inc. and Ms. Cook (Doc. 42). Even if the motion were procedurally proper, which it is not, its alleged justification relies wholly on allegations that these defendants failed to properly serve Plaintiffs with their motion to dismiss documents.

Defendants their attorneys' fees and costs incurred in defending the motion pursuant to 28 U.S.C. § 1927.  (Doc. 50.)  The Court will grant Defendants' request and deny Plaintiffs' motion.

Turning next to Defendants' motion for sanctions (Doc. 37), Defendants first request an order sanctioning Plaintiffs pursuant to Fed. R. Civ. P. 11(c) in the amount of $10,000.[2]  Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. Of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997) (citation omitted). Defendants underscore that such sanctions are appropriate here because, in its December 4, 2020 dismissal order (Doc. 33), the Court found Plaintiffs' lawsuit to be wholly frivolous and the latest iteration in a series of frivolous lawsuits filed by Plaintiffs against Defendants.[3]  Moreover, Defendants argue that such sanctions are necessary to preserve the integrity of the judicial process and to deter future abuses by Plaintiffs, because Plaintiffs have repeatedly filed redundant lawsuits against Defendants in an effort to harass them and run up their costs, despite having received warnings, sanctions, and vexatious litigant labels.  The Court agrees that a $10,000 sanction is appropriate to preserve the

---

[2] Defendants properly provided Plaintiffs with Rule 11 safe harbor notice on October 19, 2020.  (Doc. 38-3.)

[3] Specifically, the Court held,

> dismissal is appropriate because Plaintiffs' claims are barred by collateral estoppel and res judicata.  This lawsuit is the most recent in a series of redundant lawsuits that Plaintiffs have filed in both state and federal court.  Particularly, following a collection lawsuit against Plaintiff Linda Jacobs brought by Gurstel on behalf of Wheaton in which Wheaton prevailed, Plaintiffs have filed four federal and six state lawsuits against Defendants all arising out of that collection dispute.  Despite being named vexatious litigants in state court and being sanctioned (Doc. 12-8), Plaintiffs persist in filing these frivolous lawsuits.  Because all three counts in Plaintiffs' complaint either arise out of the same facts underlying the prior lawsuits (and are therefore barred by *res judicata*) or attempt to relitigate an issue already decided in the prior suits (and are therefore barred by collateral estoppel), dismissal is appropriate.

(Doc. 33 at 1-2.)

integrity of the judicial process and deter future bad behavior on the part of Plaintiffs. Therefore, the Court will grant Defendants' motion for sanctions, insofar as it requests that a $10,000 sanction be imposed on Plaintiffs pursuant to Rule 11.

Defendants also request that the Court award them their attorneys' fees and costs incurred in defending against the lawsuit, in its entirety, pursuant to 28 U.S.C. § 1927. Beginning with the fee request, Defendants have not met their burden in showing that the fees that they have requested are reasonable. *See* 28 U.S.C. § 1927 (providing for an award of attorneys' fees "reasonably incurred"). Although Defendants attached their invoices to their motion (Doc. 38-1), they redacted the descriptions for each billing entry in their entirety, citing the need to protect attorney-client confidentiality, which leaves the Court to speculate as to whether the hours billed were reasonably expended. Surely, Defendants could have described the tasks performed during each billing entry broadly without compromising confidential attorney-client information. Instead, Defendants blacked out each entry indiscriminately. They have therefore failed to prove the reasonableness of the requested fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 12 (1983) ("[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.") Therefore, the Court will deny Defendants' sanctions motion insofar as it requests attorneys' fees. Finally, Defendants request an award of $109.40 in costs stemming primarily from printing and miscellaneous costs. (Doc. 38-2.) The Court concludes that Defendants incurred these costs due to Plaintiffs' efforts to unreasonably multiply the proceedings and that such costs were reasonably expended. The Court will grant Defendants' requested cost award.

**IT IS ORDERED** that Plaintiffs' motion for sanctions (Doc. 44) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' request for an award of attorneys' fees and costs incurred in defending against Plaintiffs' sanctions motion pursuant to 28 U.S.C. § 1927 is granted. Defendants may file a motion that details the reasonable fees and costs incurred in defending against Plaintiffs' sanctions motion no later than February

17, 2021. Plaintiffs may file a response addressing the reasonableness of the requested amount no later than February 22, 2021.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions (Doc. 37) is **GRANTED IN PART** and **DENIED IN PART** as described herein. Plaintiffs shall pay a sanction to Defendants in the amount of $10,000. Plaintiffs must also pay Defendants' costs in the amount of $109.40.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for entry of default judgment (Doc. 42) is **DENIED.**

Dated this 11th day of February, 2021.

Douglas L. Rayes
United States District Judge