**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al., | No. CV-20-01752-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Wheaton Van Lines Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants' motion for leave to file unredacted invoices in support of their attorneys' fee request. (Doc. 54.) On February 11, 2021, the Court denied Defendants' attorneys' fees request within their motion for sanctions, noting that Defendants had failed to meet their burden in showing that the fees that they requested were reasonable. (Doc. 53 at 3.) The Court underscored that Defendants had indiscriminately "redacted the descriptions for each billing entry in their entirety," leaving the Court to speculate as to whether the hours billed were reasonably expended. The law is clear that the party seeking attorneys' fees is responsible for demonstrating the reasonableness of the requested amount by providing the Court with general descriptions of the subject matter of billing time expenditures to enable the Court determine whether the hours billed were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 12 (1983). Now, Defendants ask the Court to reconsider its prior order and grant them leave to file a version of their billing that identifies the general subject matter of the time

expenditures—evidence in Defendants' possession prior to the filing of their motion for sanctions.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.* Here, Defendants have made no showing of manifest error and have produced no new facts or legal authority that could not have been brought to the Court's attention with reasonable diligence. Nor do Defendants seek to justify their prior request's deficiencies or explain why they are only able to provide the unredacted billing information now. Instead, Defendants appear to admit that their fees motion was deficient, but ask for a second bite at the apple, arguing that their fee award should not be denied due to what they characterize to be "formalistic defects." Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A party requesting fees is expected to conscientiously prepare a motion; lack of diligence is no excuse.

**IT IS ORDERED** that Defendants' motion for leave (Doc. 54) is **DENIED.**

Dated this 17th day of February, 2021.

_____
Douglas L. Rayes
United States District Judge