**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>Wheaton Van Lines Incorporated, et al.,<br><br>  Defendants. | No. CV-20-01752-PHX-DLR<br><br>**ORDER** |

On February 11, 2021, the Court granted Defendants' request for an award of attorneys' fees and costs incurred in defending against Plaintiffs' sanctions motion, directed Defendants to file a motion detailing the reasonable fees and costs, and permitted Plaintiffs to file a response addressing the reasonableness of Defendants' requested amount. (Doc. 53.) Defendants filed a motion requesting $1,200 in fees and costs on February 17, 2021 and Plaintiffs filed their response on February 23, 2021. (Docs. 56, 57, 64, 65.) The Court will award Defendants' requested amount.

Plaintiffs argue Defendants' $1,200 fee request should be denied because (1) the fees requested are excessive, (2) Defendants' bill in support includes three redactions, and (3) the Parker declaration did not include assurances that Mr. Parker's statements were made "under penalty of perjury."[1] (Doc. 64 at 2.) The Court will address each of these

---

[1] Plaintiffs also make arguments in their response that are unrelated to the instant motion for attorneys' fees. Particularly, they assert that the Parker Declaration supports their dismissed conspiracy claim and reallege lack-of-service arguments the Court has rejected. Because these arguments are not relevant to determining the reasonableness of

objections, in turn.

First, Plaintiffs object that the $1,200 amount requested by Defendants is excessive. In support, they suggest it was unreasonable for Defendants to spend 3.2 hours reviewing the sanctions motion and preparing a response thereto. "[T]he Court will not second-guess the amount of time Plaintiff's counsel spent on briefing the winning arguments in this case." *Barker v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08136-PCT-DWL, 2019 WL 6893013, *4 (D. Ariz. Dec. 18, 2019). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). The 3.2 hours spent responding to the sanctions motion is not an obviously unreasonable or excessive amount of time when considering the work product produced. Next, Plaintiffs contend it was unnecessary for two attorneys to bill hours addressing the motion. However, "legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process." *Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2020 WL 6562343, at *6 (D. Ariz. Nov. 9, 2020). The Court does not agree that the collaboration of two attorneys in this case was somehow unreasonable or excessive. Then, Plaintiffs aver it was unreasonable for Defendants to bill at their rate for the *typing* of the motion, suggesting that the attorneys should have dictated their arguments to a staff member with lower billing rates. The writing process is not a mere mechanical exercise divorced from an attorney's thoughts and experiences. While Mr. Jacobs may dictate his thoughts to a secretary in his own practice, such a procedure is highly irregular in the 21st century. The Court will not hold defense counsel to the standard of practicing exactly as Mr. Jacobs does. Instead, it is entirely appropriate that defense counsel billed their hourly rate while writing the response. Finally, Plaintiffs object that most of the bill attached to Defendants' motion for fees has nothing to do with tasks opposing the sanctions motion. Plaintiffs are correct. Defendants attached entire pages of billing within which the relevant

---

the fees incurred by Defendants in defending against Plaintiffs' sanctions motion, the Court will address them no further.

- 2 -

entries are highlighted. However, Defendants are not attempting to recover fees for unhighlighted entries unassociated with the sanctions motion. Plaintiffs' first objection is therefore overruled.

Second, noting that the Court previously denied Defendants unrelated attorneys' fees when they redacted each billing description in their entirety, Plaintiffs argue that Defendants should not be able to recover their fees, here, because the attached bill includes three small redactions. The included redactions are not associated with entries for which Defendants seek to recover fees. Even if they were, the Court did not express, in its prior order, that redactions in billing entries are prohibited, should the moving party wish to recover fees. Rather, it explained that the party moving for attorneys' fees "should identify the general subject matter of his time expenditures." (Doc. 53 at 3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 12 (1983))). Even if they were relevant, the three redactions do not "leave the Court to speculate as to whether the hours billed were reasonably expended." (*Id.*) Plaintiff's second objection is overruled.

Third, Plaintiffs suggest that Mr. Parker's declaration in support of the motion for fees (Doc. 57) is insufficient because it does not recite that Mr. Parker's statements were made "under penalty of perjury." Plaintiffs cite no authority for the principle that a declaration is deficient if it does not contain this affirmation. Plaintiffs third objection is overruled.

**IT IS ORDERED** that Defendants' motion for attorneys' fees (Doc. 56) is **GRANTED.** Plaintiffs are responsible for paying Defendants' attorneys' fees associated with defending against Plaintiffs' motion for sanctions in the amount of $1,200.

Dated this 2nd day of March, 2021.

Douglas L. Rayes
United States District Judge

- 3 -