**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert L Jacobs, Jr., et al., | No. CV-20-01752-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Wheaton Van Lines Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants' motion for leave to file an amended declaration (Doc. 69), to which Plaintiffs have filed a response in opposition (Doc. 70). Defendants' motion is granted for the following reasons.

On March 2, 2021, the Court granted Defendants' motion for attorneys' fees and costs incurred in defending against Plaintiffs' sanctions motion. (Doc. 66.) On March 9, 2021, Plaintiffs filed a motion for reconsideration, which argues that the Court erred in granting Defendants' motion because Defendants' fee affidavit lacks language required by 28 U.S.C. § 1746—specifically that the affiant makes the declaration under penalty of perjury. (Doc. 67.) On March 18, 2021, Defendants filed a motion requesting leave to file an amended declaration containing the inadvertently omitted language. (Doc. 69.)

The Court may, for good cause, grant a party leave to file a late amended declaration that complies with § 1746 when the party's untimeliness is due to excusable neglect. *Wilson v. GMAC Mortg. LLC*, No. CV 11-00546-PHX-FJM, 2012 WL 780813, at * 3-4

(D. Ariz. Mar. 9, 2012). In determining whether neglect is excusable, the Court assesses "all relevant circumstances surrounding the party's omission" including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Having balanced the relevant factors, the Court concludes that Defendants' neglect in failing to submit a timely declaration containing the necessary § 1746 language is excusable.

First, Plaintiffs have no more than conclusorily asserted, without support, that they will suffer prejudice if Defendants are permitted to file an amended declaration. To the contrary, permitting Defendants to file an amended declaration identical to the current one, apart from the § 1746 language, will not require any additional action on Plaintiffs' part. Second, allowing the amended filing will not cause undue delay. Defendants originally filed Mr. Parker's declaration on February 17, 2021. After being alerted to the declaration's deficiency, Defendants sought leave to amend their filing approximately one month later. Moreover, Defendants sought such leave before the response deadline to Plaintiffs' motion for reconsideration. Third, Defendants' delay, stemming from the original language omission, was due to inadvertence. Finally, Defendants have acted in good faith. While Defendants were undoubtedly negligent and careless when preparing their declaration in support of their motion for attorneys' fees, no evidence suggests that Defendants willfully removed the § 1746 language or that they intentionally delayed in seeking leave to file an amended declaration. The Court will therefore permit Defendants to file an amended declaration no later than April 5, 2021.

**IT IS ORDERED** that Defendants' motion for leave to file an amended declaration (Doc. 69) is **GRANTED.**

Dated this 31st day of March, 2021.

_____
Douglas L. Rayes
United States District Judge

- 2 -